UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTIN CHAPMAN,<br><br>                 Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                 Defendant. | Case No. 3:13-cv-06043-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 12, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Sec'y of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On November 9, 2010, plaintiff filed concurrent applications for disability insurance benefits and SSI, alleging disability as of January 10, 2000, due to shoulder impairment, sleep difficulties, depression, post traumatic stress disorder ("PTSD"), and attention deficit hyperactivity disorder ("ADHD"). See Administrative Record ("AR") 17, 192-201, 227. For

REPORT AND RECOMMENDATION - 1

purposes of disability insurance benefits, plaintiff's date last insured is June 30, 2001.  AR 37, 204.  Plaintiff's applications were denied upon initial administrative review and on reconsideration.  See AR 116-22, 124-28.  A hearing was held before an administrative law judge ("ALJ") on July 31, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE").  See AR 34-69.  At the hearing, plaintiff amended his alleged disability onset date to November 9, 2010, and withdrew his application for disability insurance benefits.  See AR 17, 37.

On August 20, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled.  See AR 14-33.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 16, 2013, making the ALJ's decision defendant's final decision.  See AR 1-7; see also 20 C.F.R. § 416.1481. On December 4, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  See Dkt. No. 1.  The administrative record was filed with the Court on February 19, 2014.  See Dkt. No. 11.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for an award and payment of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record; and (2) in discounting plaintiff's credibility.  The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a

REPORT AND RECOMMENDATION - 2

claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

REPORT AND RECOMMENDATION - 3

I.     The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues the ALJ erred in rejecting the opinion of Russell Anderson, LICSW. Dkt. No. 17, pp. 16-18. Social worker Anderson completed an intake evaluation of plaintiff in March 2010, for purposes of determining plaintiff's eligibility for ongoing treatment services at Eastern Washington Comprehensive Mental Health. See AR 469-77. Approximately, nine-months later, Mr. Anderson completed an incapacity evaluation for purposes of determining plaintiff's eligibility for State assistance. See AR 602-09. As the ALJ observed, this 2011 evaluation was co-signed by a medical doctor. See AR 25 (citing AR 607). In conjunction with the 2011 evaluation, Mr. Anderson concluded that plaintiff would have marked limitations in the ability to learn new tasks, due, in part, to plaintiff's difficulty focusing and staying on task. AR 605. Mr. Anderson defined "marked" as a "very significant interference" with the ability to perform basic work related activities. AR 605. Mr. Anderson further concluded that "it is unlikely that [plaintiff] is going to be able to get or maintain employment primarily as a result of chronic pain issues and inability to focus and stay on task related to ADHD." AR 606.

The limitations opined by Mr. Anderson are significant because they exceed the limitations identified by the ALJ in the residual functional capacity ("RFC") assessment, which does not include any limitation related to the ability to learn new tasks. See AR 22. These opinions also are significant because the VE testified that an individual who was off-task in excess of 10% of the work day would not be able to retain competitive employment. AR 67-68. The ALJ rejected Mr. Anderson's opinion because: "Mr. Anderson neglected to provide an explanation or cite objective findings. In addition, it appears that he relied primarily on [plaintiff's] self-reports as oppose[d] to objective medical evidence." AR 25.

---

Sorenson, 514 F.2dat 1119 n.10.

REPORT AND RECOMMENDATION - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either an examining psychologist or psychiatrist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when an examining psychologist or psychiatrist's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  The opinions of "other sources" such as licensed social workers, however, generally are treated in the same manner as testimony of lay witnesses. See 20 C.F.R. § 416.913(d); (Commissioner may also use evidence from other sources to show the severity of claimant's impairment(s) and how those impairments affects his or her ability to work); see also Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939.  An ALJ may disregard opinion evidence provided by these "other sources," "if the ALJ 'gives reasons germane to each witness for doing so." Turner v. Comm'r of the Soc. Sec. Admin., 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); see also Van Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

As noted previously, the evaluation completed by Mr. Anderson was signed by a medical doctor. See Tr. 607.  Plaintiff makes no argument regarding the appropriate legal standard for evaluating the opinion evidence of Mr. Anderson. See Dkt. No. 17, pp. 16-18. Defendant's briefing is similarly silent. Dkt. No. 21, pp. 7-9.  However, it is relevant to note the Ninth Circuit has held that the opinions of other medical sources who work closely with, and under the supervision of an acceptable medical source, such as a physician or psychiatrist, should be considered as an acceptable medical source opinion.  See Taylor v. Comm'r of the Soc. Sec. Admin., 659 F.3d 1228, 1234 ("[t]o the extent [the other medical source] was working closely with, and under the supervision of, [one of the physicians in the record who provided an evaluation of the claimant, and who was that nurse practitioner's supervisor and approved the

REPORT AND RECOMMENDATION - 5

medications she prescribed for the claimant for much of the period covered by the physician's evaluation], her opinion is to be considered that of an 'acceptable medical source.'") (citing Gomez v. Chater, 74 F.3d 967 (9th Cir. 1996)).  Plaintiff points to no evidence, and this Court's own review identifies no evidence, that would indicate the medical doctor who co-signed Mr. Anderson's 2011 evaluation worked closely with, and supervised Mr. Anderson.  For this reason, this Court finds that the ALJ need only give germane reasons to reject the opinion of Mr. Anderson.  See Turner, 613 F.3d at 1224.

Defendant argues the ALJ properly rejected the opinion of Mr. Anderson because it was not supported by objective findings and, instead, premised on plaintiff's subjective complaints, which were not entirely credible.  Dkt. No. 21, p. 8 (citing 20 C.F.R. § 416.927(c)(3); Tonapetyan v. Halter, 242 F.F3 1144, 1149 (9th Cir. 2001)).   This Court disagrees.  Although the reason given by the ALJ to reject Mr. Anderson's decision is germane, it is not substantiated by the record.  See Molina v. Astrue, 674 F.3d 1104, 1111-12 (9th Cir. 2012)(upholding rejection of other source testimony where ALJ gave several germane reasons substantiated by the record).

The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The Mental Status Examination allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the Mental Status Examination is termed the objective portion of the patient evaluation." Id. at 4 (emphasis in original).  Furthermore, "when mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of

REPORT AND RECOMMENDATION - 6

professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic technique." Sanchez v. Apfel, 85 F. Supp.2d 986, 992 (C.D. Cal. 2000) (quoting Christensen v. Bowen, 633 F.Supp. 1214, 1220-21 (N.D.Cal.1986)); see also Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (opinion that is based on clinical observations supporting diagnosis of depression is competent [psychiatric] evidence).

In conjunction with the 2011 evaluation, Mr. Anderson conducted a clinical interview, records review, and MSE, and made clinical observations. See AR 603-07. According to the evaluation report, Mr. Anderson's assessment of plaintiff's limitations was "based on objective findings and [Mr. Anderson's] observations" as well as "on interpretation of appropriate tests… [including] the [MSE]." AR 604-05. On MSE, plaintiff was noted to have a tense posture, and restless body movements. AR 608. Plaintiff's affect was observed to be anxious. AR 608. Importantly, plaintiff also demonstrated poor concentration on MSE. AR 609. Additionally, Mr. Anderson made clinical observations regarding plaintiff's presentation. See AR 604. Mr. Anderson observed plaintiff: was easily distracted; had difficulty focusing and staying on task; could not sit still; and was fidgety. AR 604.

These objective findings and observations are consistent with Mr. Anderson's opinion that plaintiff was limited in his ability to focus and stay on task. See AR 605-06. Moreover, there is no indication that Mr. Anderson relied more heavily on plaintiff's description of his symptoms than Mr. Anderson's own objective findings and observations. See Ryan v. Comm'r of the Soc. Sec. Admin., 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (ALJ did not provide legally sufficient reason to reject an "examining physician's opinion by questioning the credibility of the

REPORT AND RECOMMENDATION - 7

[claimant's] complaints where the [examining physician] does not discredit those complaints and supports his [or her] ultimate opinion with his [or her] own observations.") For these reasons, this Court finds that the ALJ's decision was not supported by substantial evidence. See Hoffman, 785 F.2d at 1423.

Accordingly, the Court recommends this case be remanded for further assessment of Mr. Anderson's opinion, and, if necessary further development of the vocational record regarding the limitations opined by Mr. Anderson.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

Plaintiff argues this case should be remanded for an award and payment of benefits. The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

REPORT AND RECOMMENDATION - 8

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Although the VE testified that an individual who was off task in excess of 10% of the work day would not be able to retain competitive employment, the record is silent regarding the impact of a limitation in the ability to learn new tasks on the ability to perform simple routine work. See AR 58-68. Hence, further administrative proceedings are necessary to reassess the opinion of Mr. Anderson, and, if necessary, obtain testimony from a VE regarding Mr. Anderson's opinion that plaintiff would have very significant difficulty learning new tasks.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **September 12, 2014**, as noted in the caption.

DATED this 25thth day of August, 2014.

                Karen L. Strombom
                United States Magistrate Judge

REPORT AND RECOMMENDATION - 9